IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin Tyler Herring, ) | C/A No.: 1:20-2909-MBS-SVH |
| Plaintiff, ) | |
| v. ) | ORDER AND NOTICE |
| South Carolina Department of ) Corrections; Associate Warden ) Gary Leamon; and Turbeville ) Correctional Institution, ) | |
| Defendants. ) | |

Justin Tyler Herring ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983 against the South Carolina Department of Corrections ("SCDC"), Associate Warden Gary Leamon, and Turbeville Correctional Institution ("TCI"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.     Factual and Procedural Background

Plaintiff alleges he was sexually assaulted in June 2019 by another inmate. [ECF No. 1 at 5]. Plaintiff alleges he reported the assault to Leamon, who is the Prison Rape Elimination Act ("PREA") coordinator at TCI, but Leamon failed to take action within 24 hours. *Id*. He alleges he suffered

physical and mental injuries and was sent to the hospital. *Id.* at 6. He seeks $200,000 in damages. *Id.*

II.   Discussion

   A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the

2

pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B.   Analysis

1.   No private cause of action under PREA

Plaintiff fails to state a § 1983 claim based on an alleged violation of the PREA, 42 U.S.C. § 15601. "The PREA address[es] the problem of rape in prison, authorizes grant money, and creates a commission to study the issue." *De'lonta v. Clarke*, No. 7:11–cv–00483, 2013 WL 209489, at *3 (W.D.Va. Jan.14, 2013).

3

Moreover, "it is well established that there is no private right of action under PREA." *Hill v. Hickman County Jail*, 2015 WL 5009301, *3 (M.D. Tenn. August 21, 2015) (collecting cases holding that there is no private right of action under PREA, and holding that "[t]o the extent the complaint might be construed as bringing a claim under the PREA, such claim must be dismissed").

   2.   Failure to Protect

To establish a claim for failure to protect, an inmate must show: (1) "serious or significant physical or emotional injury," and (2) that prison officials exhibited deliberate indifference to inmate health and safety. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (internal quotation marks omitted). To be deliberately indifferent, a prison official must "know of and disregard an objectively serious . . . risk of harm." *Id.* "[T]he official must be both aware of facts from which the inference could be drawn that a possibility of harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Here, Plaintiff has provided no information that Leamon was aware of any risk of harm to Plaintiff prior to his assault. Therefore, Plaintiff has failed to state a claim for failure to protect him from the assault.

   3.   SCDC and TCI are not persons under § 1983

To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States]

4

Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). Only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." For example, inanimate objects such as buildings, facilities, and grounds are not "persons" and cannot act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

Here, SCDC and TCI do not qualify as "persons" subject to suit under § 1983. Accordingly, Plaintiff's complaint is subject to summary dismissal.

### NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **September 4, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint,

the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

August 20, 2020　　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　United States Magistrate Judge